CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 27 2009
JOHN F. CORCORAN, CLERK
BY: HMcC
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| GARY STICKLEY CORDER, JR., | ) | Civil Action No. 7:09-cv-00119 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MIDDLE RIVER REGIONAL JAIL, | ) | By: Hon. Jackson L. Kiser |
| Defendant. | ) | Senior United States District Judge |

Gary Stickley Corder, Jr., a Virginia prisoner proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343.[1] Corder alleges that officials at the Middle River Regional Jail ("Jail") frustrated his First Amendment access to the courts. After screening the complaint, I dismiss the action for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. 1915A(b)(1).

I.

Corder alleges the following facts.[2] Corder submitted twenty requests for approximately fifty citations to various cases and statutes to be delivered to him from the prison law library. (Verified Statement 28.) Prison officials denied his request and advised Corder that his attorney would be better able to provide the relevant legal information. Corder admits to currently litigating against the Commonwealth of Virginia. Corder also admits that he has an attorney. (Additional Evidence (docket #6) 1.) Corder requests as relief a hearing before a federal judge. (Compl. 2.)

---

[1] The court advises the plaintiff to write the appropriate civil action number on all the documents he submits to the court.

[2] Corder only alleged a "denial of a constitutional right to access the law library" in his complaint and cited his grievance paperwork as his supporting facts. (Compl. 2.)

II.

I am required to dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964, 1965 (2007) (internal quotation marks omitted). Although I liberally construe pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The United States Constitution guarantees a prisoner the right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 824, 828 (1977). "[A]ccess to the courts may be satisfied either by availability of legal materials, by counsel, or by any other appropriate devise of the State." Cruz v. Hauck, 515 F.2d 322, 331 (5th Cir. 1975). A plaintiff must show

2

some actual injury resulting from a denial of access in order to allege a constitutional violation. Lewis v. Casey, 518 U.S. 343, 349-52 (1996).

Corder admits having counsel for his current litigation for which he seeks the legal research, and he does not allege that prison officials interfere with his communications with counsel. Therefore, Corder has access to the court through his counsel, and the Jail does not need to be an additional constitutional mechanism by which Corder is ensured reasonable access to the court. Corder also fails to establish any actual injury since his litigation is on-going. Furthermore, Corder is not pursuing a habeas or another civil rights action in this court, nor does he allege he is pursuing a direct appeal or a habeas action in state court. See id. at 354-55 ("Impairment of any other litigating capacity [beyond direct appeals, collateral appeals, and civil rights actions about conditions of confinement] is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."). Finally, the relief Corder requests, a hearing before a federal judge, is not an appropriate form of relief under § 1983. Accordingly, I dismiss Corder's complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

### III.

For the foregoing reasons, I dismiss the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 27th day of April, 2009

*Jackson L. Kiser*
Senior United States District Judge

3